# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

April 8, 2026

**VIA ECF**

The Court hereby approves bail, provided that the following conditions, agreed to by the Government, are met: $50,000 bond to be cosigned by Mr. Baker's brother, Kwame Holmes, and his sister, Samira Lewis; stand-alone GPS monitoring; transportation from MDC Brooklyn to Integrity House; an update to the government and pretrial services at least one month before Mr. Baker's release from inpatient treatment; surrender of any travel documents; travel limited to SDNY/DNJ; and continued detention until the conditions of the bond are met.

As part of his release, the Court further orders that Mr. Baker be released into a long-term inpatient substance abuse and mental health treatment program at Integrity House.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 13.

The Honorable Arun Subramanian
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

SO ORDERED.

Arun Subramanian, U.S.D.J.
Dated: April 8, 2026

**Re:   United States v. Alazim Baker,
26 Cr. 19 (AS)**

Dear Judge Subramanian,

I write on behalf of Mr. Baker to respectfully request that the Court set bail and order Mr. Baker to be released into the long-term inpatient substance abuse and mental health treatment program at Integrity House[1] or, alternatively, that the Court convene a bail hearing to consider this application. On March 17, 2026, Mr. Baker was accepted into Integrity House's long term residential treatment program. *3/17/2026 Letter of Admissions Coordinator, Lace Conroy* (attached as "Exhibit A"]. Specifically, we request that Mr. Baker be released on the condition that he reside at Integrity House in Newark, NJ, under the supervision of Pretrial Services. Mr. Baker's appearance in court and the safety of the community will be ensured by this residency requirement and treatment program and may be further secured by a $50,000 bond to be cosigned by his brother, Kwame Holmes, and his sister, Samira Lewis. The undersigned has reached out to the Government and Pretrial Services since Mr. Baker's acceptance into Integrity House, and the Government has no objection as long as the conditions include: stand-alone GPS monitoring; transportation from MDC Brooklyn to Integrity House; an update to the government and pretrial services at least one month before Mr. Baker's release from inpatient treatment; surrender of Any travel documents; travel limited to SDNY/DNY; and continued detention until the conditions of the bond are met. Pretrial Services states that their position at the presentment, recommending detention, remains the same at this time.

On January 21, 2026, Mr. Baker was arrested in connection with this indictment charging him with violating two counts of 18 U.S.C. §249(a)(1)(A), causing bodily injury to two individuals based on their actual and perceived religion. The date of the alleged incident was October 27, 2025. At presentment, the Government, in its detention letter, sought detention primarily on the grounds that (1) given the charged conduct, Mr. Baker presented a danger to the public; (2) subsequent to the

---

[1] Integrity House is New Jersey's largest non-profit provider of substance use disorder treatment and provides comprehensive addictions treatment, mental health treatment, and recovery support. The program has operated since 1968. https://integrityhouse.org/

United States v. Alazim Baker,
26 Cr. 19 (AS)

date of the alleged incident, Mr. Baker incurred three arrests in New Jersey, for kicking and damaging a car, shoplifting, and threatening a person with a knife, and (3) in light of the potential for a lengthy sentence after a conviction for the charged offense, Mr. Baker presented a risk of flight. Magistrate Judge Netburn ordered that Mr. Baker be detained, expressing concerns that he did not have a stable living situation and based on statements by the arresting agents that Mr. Baker had not taken his prescribed mental health medications, but allowing the defense to reapply for bail if suitable housing and intensive treatment could be secured for Mr. Baker. While we readily acknowledge the seriousness of the charged offense, we respectfully submit that the bail package and conditions of release proposed herein are more than sufficient to reasonably assure Mr. Baker's continued appearance in court and the safety of the community. *See* 18 U.S.C. § 3142(c)(1)(B).

The "danger" that Judge Netburn found justified detention was based largely on the nature of the charged conduct and Mr. Baker's subsequent New Jersey arrests (for which he was released without bail), coupled with Mr. Baker's risk of substance use and medication non-compliance. At the presentment, the defense proposed that Mr. Baker be released with home detention combined with outpatient drug treatment, but his housing situation was unstable. Mr. Baker is now willing to participate in a long-term inpatient substance abuse and mental health treatment program from which he cannot leave without permission from Pretrial Services and during which he will be tested for substance use. These conditions will ensure that Mr. Baker does not use or possess any illegal substance or alcohol during his pretrial release and will continue to have access to the mental health treatment he requires.

Moreover, the comprehensive treatment that Integrity House will provide Mr. Baker—which would be unavailable to him so long as he remained detained—would significantly reduce the risk of Mr. Baker using substances now or in the future. Given the efficacy of these programs, courts in this District frequently approve of pretrial defendants being admitted to substance abuse and mental health treatment programs under the supervision of Pretrial Services, even when, like here, such defendants are charged with serious offenses. *See, e.g.*, *United States v. Torres*, No. 17 Cr. 273 (NRB) (S.D.N.Y.), Doc. 8 (defendant charged with violating 21 U.S.C. § 841(b)(1)(C)); *United States v. Seiber*, No. 16 Cr. 721 (PGG) (S.D.N.Y.), Doc. 16 (defendant charged with bank robbery); *United States v. Brown*, No. 20 Cr. 307 (ALC) (S.D.N.Y.), Doc. 4 (defendant charged with violation of supervised release; underlying convictions for violating of 21 U.S.C. § 841(b)(1)(B) and using a firearm); *United States v. Young*, No. 20 Cr. 201 (KMW) (S.D.N.Y.), Doc. 23 (defendant charged with conspiracy to commit Hobbs Act robbery, attempted Hobbs Act robbery, Hobbs Act robbery, and brandishing a firearm during a robbery).

Mr. Baker also poses no risk of flight. He is a United States citizen, a lifelong resident of New Jersey, and has no criminal record or history of failures to appear for court. In addition, Mr. Baker is willing to sign a release so that Integrity House can disclose to Pretrial Services if Mr. Baker attempts to leave.[2]

---

[2] The defense further understands that location monitoring, if deemed necessary by the Court, can be accommodated in at least some inpatient substance abuse and mental health treatment programs that have been approved by other judges in this District. *See, e.g.*, *United States v. Brown*, No. 20 Cr. 307 (ALC) (S.D.N.Y. Nov. 12, 2020), Doc. 4 (setting bail conditions for defendant to include, *inter alia*, GPS monitoring while at inpatient treatment). While Pretrial Services told me that their policy is not to do location monitoring for clients in inpatient treatment, Mr. Baker does not object to free-standing GPS monitoring, if it reassures the Court.

United States v. Alazim Baker,
26 Cr. 19 (AS)

       That Ms. Lewis and Mr. Holmes have agreed to cosign any personal recognizance bond to assure Mr. Baker's compliance with the conditions of his release weighs heavily in favor of release. They are Mr. Baker's siblings who have known him his entire life. They both expressed concern throughout this case that Mr. Baker would not receive sufficient mental health support in jail, and they support his desire to participate in long-term inpatient treatment to address both his mental health and substance use needs. Integrity House has indicated that if Mr. Baker's participates well in the inpatient program and displays no behavioral/noncompliance issues, they will place him in their halfway house where he can continue in treatment on an outpatient basis. We respectfully submit that the moral suasion of both siblings' signatures on any bond combined with the care he will receive in inpatient treatment and thereafter will ensure Mr. Baker's compliance with the conditions of his release.

       Finally, and most importantly, Mr. Baker is willing and eager to receive long-term inpatient substance abuse and mental health treatment, and he understands that the consequences of any failure to cooperate fully with such treatment might include his return to pretrial detention. An approved program will provide a safe place for Mr. Baker's rehabilitation, and his family will provide moral support throughout the recovery process. The combination of the residential treatment program, appearance bond, and encouragement of Ms. Lewis and Mr. Holmes and his extended family will reasonably assure that Mr. Baker complies with the conditions of his release.

       For the foregoing reasons, we respectfully request that the Court set bail and allow Mr. Baker to be released into Integrity House inpatient substance abuse and mental health treatment program supervised by Pretrial Services, with stand-alone GPS monitoring. In the alternative, we request that the Court convene a hearing to consider this request.

                 Respectfully submitted,

                 /s/
                 Michael Rooney
                 Assistant Federal Defender
                 (917) 565-1094

cc:    AUSA Emily Johnson (via ECF and email)
       AUSA Samuel Adelsberg (via ECF and email)
       Pretrial Services Officer Meherun Meyer (via email)
       Assistant Federal Defender Kristoff Williams (via email)



March 17,2026

**Taylor Eutsey, LMSW (she/her)** | Mitigation Social Worker
**Federal Defenders of New York** | Southern District of New York
52 Duane Street, 10th Floor, New York, NY 10007
Office: (212) 417-8796 | Cell: (646) 629-4403  (preferred)
Email: Taylor_eutsey@fd.org

RE:Alazim Baker
DOB:01/04/1997

The above mentioned client was deemed acceptable for admission into Integrity Houses Residential Program for our Long term program 3.5

The client is scheduled for admission upon release and direct transfer from incarceration on **Friday March 20, 2026 at 9am.** Please ensure any medications are transported with them to avoid any admission disruption. The client **should arrive at 1091 Broad St, Newark, NJ 07102**.

Please note, Integrity House reserves the right to deny any individual admission should they arrive without a 30-day supply of all current prescribed medications, or if the individual presents with medical, psychiatric or other conditions not reported or evident at the time of the pre screening that would deem them ineligible for admission.
If you have any questions or concerns, please feel free to contact me at any of the options below.

Sincerely,

Lace Conroy
Admissions Coordinator
Integrity House 1091 Broad St, Newark, NJ 07114
(P)973-623-0600 Option 1